Lucas Buckley (Wyo. Bar # 6-3997)
Hathaway & Kunz, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
Phone: (307) 634 -7723
Fax: (307) 634-0985
lbuckley@hkwyolaw.com

Larry R. Laycock (Admitted *Pro Hac Vice*)
Dentons Durham Jones Pinegar P.C.
3301 North Thanksgiving Way, Suite 400
Lehi, UT 84043
801.375.6600
larry.laycock@dentons.com

ATTORNEYS FOR DEFENDANTS

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF WYOMING

| | | |
|---|---|---|
| TIM TEICHERT on behalf of THE ESTATE OF HERMAN TEICHERT and THE ESTATE OF MINERVA TEICHERT, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No.  21-cv-00145-ABJ |
| THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; and the CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

### DEFENDANTS' ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

Defendants, The Church of Jesus Christ of Latter-Day Saints, fka Corporation of the

Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints, and fka Corporation of the

President of the Church Of Jesus Christ of Latter-Day Saints (hereinafter "Defendants") by and

through their counsel of record, hereby answer, assert defenses to the allegations of Plaintiff Tim Teichert on behalf of The Estate Of Herman Teichert and The Estate Of Minerva Teichert's ("Plaintiffs") Complaint, and affirmatively allege as follows:

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

### PARTIES

1.      Defendants lack sufficient information to admit or deny the allegations in paragraph 1 and therefore deny all allegations asserted therein.

2.      Defendants lack sufficient information to admit or deny the allegations in paragraph 2 and therefore deny all allegations asserted therein.

3.      Defendants lack sufficient information to admit or deny the allegations in paragraph 3 and therefore deny all allegations asserted therein.

4.      Defendants lack sufficient information to admit or deny the allegations in paragraph 4 and therefore deny all allegations asserted therein.

5.      Defendants admit that The Church of Jesus Christ of Latter-Day Saints is a non-profit corporation registered with and headquartered in the State of Utah that is authorized to and conducts business in the state of Wyoming.  Defendants also admit that The Church of Jesus Christ of Latter-Day Saints is formerly known as Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints and Corporation of the President of the Church of Jesus Christ of Latter-Day Saints. Defendants deny the remaining allegations in paragraph 5.

6.      Defendants lack sufficient information to admit or deny the allegations in paragraph 6 and therefore deny all allegations asserted therein.

7.      Though no longer at issue as this case was removed to this Court pursuant to 28 U.S.C. 1331, Defendants admit the amount in controversy was sufficient to invoke jurisdiction in

the Third District Court, State of Wyoming.  Defendants deny the remaining allegations contained in paragraph 7.

## GENERAL ALLEGATIONS OF FACT

8.      Defendants admit the allegations contained in paragraph 8.

9.      Defendants admit the allegations contained in paragraph 9.

10.     Defendants deny the allegations contained in paragraph 10.

11.     Defendants admit that church members and visitors enjoyed the referenced paintings.  Defendants deny any and all remaining allegations contained in paragraph 11.

12.     Defendants admit that, during her life, Teichert transferred to Defendants all legal rights, title, and interests in and to certain paintings to Defendants. Defendants also admit that Teichert sold to Defendants all rights, title, and interests in and to some of her other paintings. Defendants lack sufficient information to admit or deny the allegations that are made with respect to Brigham Young University and on this basis deny the same.  Defendants deny any and all remaining allegations contained in paragraph 12.

13.     Defendants deny the allegations contained in paragraph 13.

14.     Defendants admit the allegations contained in paragraph 14.

15.     Defendants admit the allegations contained in paragraph 15.

16.     Defendants lack sufficient information to admit or deny the allegations in paragraph 16 and therefore deny all allegations asserted therein.

17.     Defendants deny the allegations contained in paragraph 17.

18.     Defendants admit that Plaintiffs attached Certificates of Registration from the United States Copyright Office to the Complaint.  Defendants deny the efficacy, validity, and authenticity of these Certificates of Registration and further deny that Plaintiffs own any copyright

interests in the referenced paintings.  Defendants deny any and all remaining allegations contained in paragraph 18.

19.     Defendants deny the allegations contained in paragraph 19.

20.     Defendants deny the allegations contained in paragraph 20.

21.     Defendants deny the allegations contained in paragraph 21.

22.     Defendants deny the allegations contained in paragraph 22.

23.     Defendants deny the existence of any implied or actual mutual promises and understandings Minerva Teichert allegedly had with Mr. Teichert related to the so-called Cokeville Paintings.  Defendants further deny any and all remaining allegations contained in paragraph 23.

24.     Defendants admit the allegations contained in paragraph 24.

25.     Defendants lack sufficient information to admit or deny the allegations in paragraph 25 and therefore deny all allegations asserted therein.

26.     Defendants admit that, as a courtesy, they informed members of the Teichert family that they would be relocating *The Song of Quetzalcoatl* and other so-called Cokeville Paintings to other facilities. Defendants further deny any and all remaining allegations contained in paragraph 26.

27.     Defendants admit that they have always been concerned about maintaining the integrity of the referenced paintings.  Defendants deny any and all remaining allegations contained in paragraph 27.

28.     Defendants admit that they have always been concerned about maintaining the integrity of the referenced paintings.  Defendants deny any and all remaining allegations contained in paragraph 28.

29.     Defendants admit that Tim Teichert has expressed objections to relocation of paintings.  Defendants deny the legitimacy of any expressed objections and further deny any and all remaining allegations contained in paragraph 29.

30.     Defendants admit that *The Song of Quetzalcoatl* was placed in the Star Valley Temple.  Defendants deny any need to obtain approval from Plaintiffs or from any other Teichert family member regarding placement or other use of the subject painting.  Defendants deny any and all remaining allegations contained in paragraph 30.

31.     Defendants admit the allegations contained in paragraph 31.   Defendants affirmatively assert that each of the three paintings referenced as being relocated in paragraph 31 was replaced by a high-quality giclée print in the original location of each painting.

32.     Defendants deny the allegations contained in paragraph 32.

33.     Defendants deny the allegations contained in paragraph 33.

34.     Defendants deny the allegations contained in paragraph 34.

35.     Defendants deny the allegations contained in paragraph 35.

36.     Defendants deny the allegations contained in paragraph 36.

37.     Defendants admit that they have relocated Minerva Teichert paintings from time to time, consistent with their rights of ownership of all rights, title, and interests in such paintings. Defendants deny that they were required to obtain authorization from Plaintiffs to relocate any Minerva Teichert painting.  Defendants also deny that any of their actions related to *The Song of Quetzalcoatl* were either inappropriate or unauthorized.  Defendants deny any and all remaining allegations contained in paragraph 37.

38.     Defendants deny the allegations contained in paragraph 38.

## FIRST CLAIM FOR RELIEF – DECLARATORY RELIEF

39.     Defendants incorporate by reference the responses in paragraphs 1-38 as if fully set forth herein.

40.     The allegations contained in paragraph 40 state conclusions of law requiring no response. To the extent a response is required, Defendants deny the allegations of paragraph 40.

41.     The allegations contained in paragraph 41 state conclusions of law requiring no response. To the extent a response is required, Defendants deny the allegations of paragraph 41.

42.     The allegations contained in paragraph 42 state a request from the Court and conclusions of law requiring no response. To the extent a response is required, Defendants deny the allegations of paragraph 42.

43.     Defendants admit that Plaintiffs made requests.  Defendants deny the legitimacy of any such requests and further deny any impropriety arising out of the conduct of Defendants. Defendants further deny any and all remaining allegations contained in paragraph 43.

44.     The allegations contained in paragraph 44 state a request to the Court and conclusions of law requiring no response. To the extent a response is required, Defendants deny the allegations of paragraph 44.

45.     Defendants deny any and all allegations not expressly admitted herein.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred from relief by the doctrines of waiver, estoppel, laches, unclean hands, good faith intent, equitable estoppel, accord and satisfaction, and/or other applicable equitable defenses.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent they would unjustly enrich Plaintiffs.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Teichert gifted, sold, or otherwise transferred to Defendants all right, title, and interest in the paintings identified in the Complaint.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from relief because Defendants are the rightful owners of all right, title, and interest in and to the paintings identified in the Complaint.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred in whole or in part from the requested relief by applicable statutes of limitation.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring such claims against Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Certificates of Copyright Registration obtained by Plaintiffs are invalid.

### NINTH AFFIRMATIVE DEFENSE

Defendants reserve the right to assert all additional affirmative defenses under Fed. R. Civ. P. 8(c), the laws of the United States, and any other legal or equitable defenses that may now exist or in the future be available based on discovery and further factual investigation in this case. There may be additional defenses which are not yet known to Defendants, but which may become known

through future discovery or as the case progresses.  Defendants reserve the right to assert each such additional affirmative defense as the same becomes known.

WHEREFORE, Defendants pray that this Court enter judgment denying Plaintiffs any and all of their requested relief, dismiss the Complaint in its entirety with prejudice, and award Defendants their costs herein, including attorneys' fees, and such other relief as this Court deems appropriate.

**JURY DEMAND**

Defendants hereby request a trial by jury of all issues in this matter.

DATED this 3rd day of September, 2021.

THE CHURCH OF JESUS CHRIST OF LATTER-day SAINTS, FKA CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-day SAINTS, AND FKA CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-day SAINTS; DEFENDANTS

By:/s/ Lucas Buckley
    Lucas Buckley (Wyo. Bar #6-3997)
    HATHAWAY & KUNZ, LLP
    P. O. Box 1208
    Cheyenne, WY  82003-1208
    Phone:  307-634-7723
    Fax:  307-634-0985
    lbuckley@hkwyolaw.com
    Larry R. Laycock
    Dentons Durham Jones Pinegar P.C.
    3301 North Thanksgiving Way, Suite 400
    Lehi, UT 84043
    Phone: 801.375.6600
    larry.laycock@dentons.com

ATTORNEYS FOR DEFENDANTS

## **CERTIFICATE OF SERVICE**

This is to certify that on the 3rd day of September 2021, a true and correct copy of the foregoing was served upon counsel as follows:

Henry F. Bailey, Jr.                                    [ ✓ ] CM/ECF
Lance T. Harmon                                       [   ] U.S. Mail
Bailey Stock Harmon Cottam Lopez LLP        [   ] E-mail:
6234 Yellowstone Road                                     hank@performance-law.com
Cheyenne, WY  82009                                       lance@performance-law.com


*/s/ Candice Hough*
HATHAWAY & KUNZ, LLP