Henry F. Bailey, Jr.
Lance T. Harmon,
BAILEY STOCK HARMON COTTAM LOPEZ LLP
6234 Yellowstone Road
P.O. Box 1557
Cheyenne, WY  82003
307-638-7745

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | |
|---|---|
| TIM TEICHERT on behalf of THE ESTATE OF HERMAN TEICHERT and THE ESTATE OF MINERVA TEICHERT,<br><br>    Plaintiffs,<br><br>    v.<br><br>THE CHURCH OF JESUS CHRIST OF, LATTER-DAY SAINTS, a Utah corporation sole;<br>    Defendant. | Case No. 21-CV-00145-ABJ |

## AMENDED COMPLAINT

Plaintiff, by and through counsel, and for his amended claim against Defendant, allege as follows:

### PARTIES

1. Minerva Teichert ("Teichert") died intestate on May 3, 1976, and was survived by her husband, Herman Teichert, to whom all ownership and other rights in her property passed by operation of law.

2. Herman Adolph Teichert died intestate on November 25, 1982, in Bear Lake County, Idaho.

3. Tim Teichert, grandson of Minerva and Herman Teichert, was appointed Administrator of the Estate of Herman Teichert on March 7, 2018, by the District Court, Third

Judicial District, Lincoln County, Wyoming, Docket PR-2018-DC, and Administrator of the Estate of Minerva Teichert on March 26, 2018, by the District Court, Third Judicial District, Lincoln County, Wyoming, Docket PR-2018-20-DC, and is the duly appointed and acting Administrator of both estates.

4. As Administrator of the Estate of Minerva Teichert and the Estate of Herman Teichert, Tim Teichert is authorized to act on behalf of the estates and to investigate, pursue and enforce rights in property owned by the Minerva Teichert Estate and/or the Herman Teichert Estate, including paintings, and all related rights, created and acquired by Minerva Teichert and/or her successors in interest.

5. The Church of Jesus Christ of Latter-Day Saints sole ("Church") is a non-profit corporation registered with and headquartered in the State of Utah, but is authorized to and is conducting business in the state of Wyoming. Through a series of mergers and/or other business transactions, the Church is successor in interest to The Corporation of the Presiding Bishop of the Church of Jesus Christ of Latter-Day Saints and the Corporation of the President of the Church of Jesus Christ of Latter-Day Saints, previously named as parties herein.

6. The facts and circumstances giving rise to Plaintiff's complaint arose or occurred in the state of Wyoming.

7. This case is now pending in the United States District Court for the District of Wyoming, having been removed to federal court by the Defendant. Plaintiff does not contest the Court's removal jurisdiction.

**GENERAL ALLEGATIONS OF FACT**

8. Minerva Teichert ("Teichert") is a renowned American artist who is known for her paintings of the American west and depicting various events and individuals in Church and Biblical history.

9. Her paintings are prominently displayed in art galleries throughout the western United States and in numerous Church buildings and properties, including at Brigham Young University, the Joseph Smith Memorial Building, and numerous ward houses and stake centers.

10. During her lifetime, Teichert loaned or placed many of her paintings to or at local Church buildings in Wyoming, Idaho, and Utah.

11. Her generosity allowed myriad Church members and other visitors to enjoy—free of charge—her artistic renditions of significant and spiritual moments in Church history.

12. Although Teichert did exchange a series of paintings to cover tuition costs for her descendants attending Brigham Young University and sold a few others, many of her paintings that ended up in the Church's possession were placed in specific Church buildings or loaned for a specific purpose and were never intended as outright unconditional gifts conveying title to the Church.

13. Moreover, Teichert never entered into any written agreements with the Church that transferred legal title or any other rights to the Church.

14. Indeed, Teichert never gave the Church or the local Church buildings/congregations authorization to do anything other than display her paintings.

15. For much of her life, Minerva Teichert lived in Cokeville, Wyoming and attended services and activities at the Church ward house located at or near 725 E. Main Street, Cokeville, Wyoming 83114 (the "Cokeville Ward House"). The Church's Cokeville Ward was housed at two

separate locations during Teichert's time in the ward. The second location—725 E. Main Street—is the same location where the Cokeville Ward meets today.

16. Several of Teichert's children and grandchildren established firm roots in Cokeville, and many of them stayed even after Teichert herself was relocated by her family to a nursing home in Provo, Utah.

17. Because Teichert wanted to ensure that her posterity and others in the community would be able to enjoy a collection of her paintings each and every time they attended Church services or other functions at the Cokeville ward (sometimes referred to as "Cokeville chapel"), Teichert placed four (4) original paintings, namely (i) *The Song of Quetzalcoatl*, (ii) *Relief Society Quilting* (iii) *Cast Your Nets on the Other Side* and (iv) *Handcart Pioneers* (all collectively, the "Cokeville Paintings") in the Cokeville.

18. The Estate of Minerva Teichert owns copyright interests in *Relief Society Quilting, Cast Your Nets on the Other Side,* and *Handcart Pioneers* ("subject paintings"). Certificates of Registration from the United States Copyright Office are attached hereto and incorporated by this reference.

19. Upon information and belief, the placement of the Cokeville Paintings was conditioned upon the fact that if the Church or the local Church leadership ever decided it wanted to replace or remove the Cokeville Paintings, possession of the Cokeville Paintings would revert to their rightful owner, Minerva Teichert, or her heirs or other successors in interest.

20. Furthermore, Minerva Teichert's continued ownership of the subject paintings precluded anyone from moving them to any other location—be it a ward house, temple, or other Church property.

21. The sole purpose of allowing the display of Minerva Teichert's works of art in the Cokeville chapel was that it would be particularly significant to Teichert and her family, and members of the Cokeville community.

22. Upon the placement of the subject paintings no ownership changed hands, and Teichert never authorized the Church to relocate the subject paintings.

23. In accordance with Minerva Teichert's ownership interests, the subject paintings were to remain where she placed them until the local Cokeville chapel leadership no longer wanted them, at which point they were to be returned to Minerva Teichert or her heirs or other successors in interest.

24. From the time of their placement until 2014, the Cokeville paintings were continuously displayed in the Cokeville chapel (and replacement chapel) without event.

25. Minerva Teichert, her family, and many other church members and visitors took great pride in the Cokeville paintings and enjoyed them each Sunday when they attended church.

26. Sometime in 2014, however, the Church informed members of the Teichert family that it would soon be relocating *The Song of Quetzalcoatl*, after which it would relocate the other Cokeville Paintings to temples or other Church facilities.

27. The Church stated that its primary rationale for the impending relocations was a concern for preserving the paintings.

28. To Plaintiff's knowledge, this was the first time the Church had expressed concerns about preserving the Cokeville paintings.

29. Teichert family members, including Tim Teichert, objected, relying upon the conditional nature of Minerva Teichert's placement or loan of the Cokeville paintings and the long

standing agreement that the paintings be returned to Teichert or her heirs if the Church elected not to display them in the Cokeville chapel any longer.

30. Over these objections the Church relocated *The Song of Quetzalcoatl* to the Star Valley Temple.

31. Then, during March or April of 2020, during the worldwide Covid-19 pandemic, employees or other agents or representatives of the Church removed the remaining 3 paintings, the subject paintings, from the Cokeville chapel and relocated them elsewhere.

32. The Church did not seek Plaintiff's consent to take possession of and assert ownership over the subject paintings, nor was consent given. Plaintiff has repeatedly demanded return of the subject paintings to the Cokeville chapel or deliver to Plaintiff as Administrator of the Herman Teichert and Minerva Teichert estates, which demands have been rejected.

## FIRST CLAIM FOR RELIEF- DECLARATORY RELIEF

33. Plaintiffs hereby incorporate by reference the allegations set forth above as if fully set forth herein.

34. Plaintiffs' claim for relief is brought under W.S. § 1-37-101 et. seq., Wyoming's "Uniform Declaratory Judgments Act," with a request that the court declare the rights, status, and interests these parties have in and to the subject paintings.

35. As alleged herein there is a justiciable controversy between the parties as to who is the rightful owner of the subject paintings.

36. More specifically, Plaintiffs request this court declare that the subject paintings were never gifted to the Church, that when Minerva Teichert placed the subject paintings in the Cokeville chapel she did not have any intention of transferring title or ownership of the paintings to the Church or the local Cokeville ward, nor did she have the present intention to make an

immediate gift of the subject paintings to the Church or the local Cokeville ward, or if Minerva Teichert did intend to give the subject paintings to the local Cokeville ward, the gift was conditional and not unconditional in nature [*Van Ewing v. Hladky Constr., Inc.*, 48 P.3d 1086 (Wyo. 2002)] such that if the local Cokeville ward no longer wanted the subject paintings they were to be returned to Minerva Teichert or her heirs.

37. Plaintiffs have repeatedly requested Defendant return the improperly removed paintings to the local Cokeville ward, or in the alternative that the Defendant deliver the paintings to Plaintiff, but the Defendant has failed or refused to do so.

38. Plaintiff therefore requests the court declare the Plaintiff estates to be the rightful owners of the subject paintings entitled to immediate delivery thereof.

## SECOND CLAIM FOR RELIEF - CONVERSION

39. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1-38, inclusive.

40. In March or April of 2020 when the subject paintings were removed by Defendant from the Cokeville chapel and taken by Defendant to another location, Plaintiff had legal title to the subject paintings and had a right to possess them. Defendant, through its authorized employees, agents, or representatives exercised dominion over the subject paintings in a manner that denied Plaintiff his rights to the use and enjoyment of the subject paintings.

41. Plaintiff has made demand for the return of the subject paintings, but such demand has been refused.

42. Plaintiff has been damaged by the loss of the subject paintings.

43. Defendant wrongfully converted Plaintiff's property, denying the Plaintiff estates of the benefits and rights of ownership.

44. Plaintiff is entitled to the immediate return of the subject paintings. (*Cross v. Berg Lumber Co.*, 7 P.3d 922, 927 (Wyo. 2000).

## PRAYER FOR RELIEF

Wherefore, Plaintiff, on behalf of the Estates of Minerva and Herman Teichert, respectfully requests the court enter judgment in Plaintiff's favor and against Defendant, declaring that:

a. Defendant does not have legal title to the subject paintings; and

b. Legal title to the subject paintings is held by the Estate/s of Herman and/or Minerva Teichert;

c. That Defendant has converted the subject paintings to its own use; and

d. That the subject paintings should be immediately returned to Plaintiff.

Dated this 23rd day of November, 2021.

                                              **BAILEY STOCK HARMON COTTAM LOPEZ LLP**

                                              */s/ Henry F. Bailey, Jr*
                                              Henry F. Bailey, Jr., Wyo Bar. No 5-1681
                                              Lance T. Harmon – Wyo Bar. No. 6-3076
                                              6234 Yellowstone Road
                                              P.O. Box 1557
                                              Cheyenne, Wyoming 82003
                                              307-638-7745
                                              hank@performance-law.com
                                              lance@performance-law.com

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing *Amended Complaint* was served this 23rd day of November, 2021, via this court's CM/ECF system to the following:

Lucas Buckley (Wyo. Bar # 6-3997)
Hathaway & Kunz, LLP
P. O. Box 1208
Cheyenne, Wyoming 82003-1208
Phone: (307) 634-7723
Fax: (307) 634-0985
lbuckley@hkwyolaw.com

Larry R. Laycock (4743)
Clinton E. Duke (9784)
Adam B. Beckstrom (14127)
Dentons Durham Jones Pinegar, P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT 84111
Telephone: 801-415-3000
larry.laycock@dentons.com
clinton.duke@dentons.com
adam.beckstrom@dentons.com

                                            */s/ Henry F. Bailey, Jr.*
                                            Henry F. Bailey, Jr.