Larry R. Laycock (4743) (Admitted *Pro Hac Vice*)
larry.laycock@dentons.com
Clinton E. Duke (9784) (Admitted *Pro Hac Vice*)
clinton.duke@dentons.com
Adam B. Beckstrom (14127) (Admitted *Pro Hac Vice*)
adam.beckstrom@dentons.com
DENTONS DURHAM JONES PINEGAR, P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT  84111
Telephone: 801-415-3000

Lucas Buckley (Wyo. Bar # 6-3997)
Hathaway & Kunz, LLP
P.O. Box 1208
Cheyenne, WY 82003-1208
Phone: (307) 634 -7723
Fax: (307) 634-0985
lbuckley@hkwyolaw.com

ATTORNEYS FOR DEFENDANTS

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| TIM TEICHERT on behalf of THE ESTATE OF HERMAN TEICHERT and THE ESTATE OF MINERVA TEICHERT, <br><br> Plaintiffs, <br><br> vs. <br><br> THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, a Utah corporation; CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; and the CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, <br><br> Defendants**.** | Case No.  21-cv-00145-ABJ |

## DEFENDANTS' ANSWER TO PLAINTIFFS' AMENDED COMPLAINT AND AFFIRMATIVE DEFENSES

Defendant, The Church of Jesus Christ of Latter-Day Saints (hereinafter "Defendant") by and through its counsel of record, hereby answers, asserts defenses to the allegations of Plaintiff Tim Teichert on behalf of The Estate of Herman Teichert and The Estate of Minerva Teichert's ("Plaintiffs") Amended Complaint, and affirmatively alleges as follows:

## DEFENDANT'S ANSWER TO PLAINTIFFS' AMENDED COMPLAINT

## PARTIES

1. Defendant lacks sufficient information to admit or deny the allegations in paragraph 1 and therefore denies all allegations asserted therein.

2. Defendant lacks sufficient information to admit or deny the allegations in paragraph 2 and therefore denies all allegations asserted therein.

3. Defendant lacks sufficient information to admit or deny the allegations in paragraph 3 and therefore denies all allegations asserted therein.

4. Defendant lacks sufficient information to admit or deny the allegations in paragraph 4 and therefore denies all allegations asserted therein.

5. Defendant admits that The Church of Jesus Christ of Latter-Day Saints is a non-profit corporation registered with and headquartered in the State of Utah and that it is authorized to and lawfully conducts business in the state of Wyoming. Defendant denies any remaining allegations in paragraph 5.

6. Defendant lacks sufficient information to admit or deny the allegations in paragraph 6 and therefore denies all allegations asserted therein.

7. Defendant admits the allegations contained in paragraph 7.

## GENERAL ALLEGATIONS OF FACT

8. Defendant admits the allegations contained in paragraph 8.

9. Defendant admits the allegations contained in paragraph 9.

10. The allegations set forth in paragraph 10 are vague and do not allow for identification of any particular painting(s) by Minerva Teichert. Defendant specifically denies that any of the paintings at issue in this case were loaned to Defendant, but rather, Defendant asserts that all such paintings were the subject of complete conveyance of all right, title and interest to Defendant. Defendant lacks sufficient information to admit or deny the remaining allegations in paragraph 10 and therefore denies any and all remaining allegations contained in paragraph 10.

11. Defendant admits that church members and visitors enjoy paintings that belong to the Church. Defendant denies any and all remaining allegations contained in paragraph 11.

12. Defendant admits that, during her life, Teichert transferred to Defendant all legal rights, titles, and interests in and to certain paintings. Defendant also admits that Teichert sold to Defendant all rights, title, and interests in and to some of her other paintings. Defendant lacks sufficient information to admit or deny the allegations that are made with respect to Brigham Young University and on this basis denies the same. Defendant denies any and all remaining allegations contained in paragraph 12.

13. Defendant denies the allegations contained in paragraph 13.

14. Defendant denies the allegations contained in paragraph 14.

15. Defendant admits the allegations contained in paragraph 15.

16. Defendant lacks sufficient information to admit or deny the allegations in paragraph 16 and therefore denies all allegations asserted therein.

17. Defendant admits that four of Teichert's original paintings, namely (i) *The Song of Quetzalcoatl*, (ii) *Relief Society Quilting*, (iii) *Cast your Nets on the Other Side*, and (iv) *Handcart Pioneers*, were placed and displayed by Defendant at the Cokeville ward by virtue of the fact that

all rights, titles, and interests in and to the subject paintings were conveyed to Defendant. Defendant denies the remaining allegations contained in paragraph 17.

18. Defendant admits that Plaintiffs attached Certificates of Registration from the United States Copyright Office to the Amended Complaint. Defendant denies the efficacy, validity, and authenticity of all such Certificates of Registration and further denies that Plaintiffs own any copyright interests in or to the referenced paintings. Defendant denies any and all remaining allegations contained in paragraph 18.

19. Defendant denies the allegations contained in paragraph 19.

20. Defendant denies the allegations contained in paragraph 20.

21. Defendant denies the allegations contained in paragraph 21.

22. Defendant denies the allegations contained in paragraph 22.

23. Defendant denies the allegations contained in paragraph 23.

24. Defendant lacks sufficient information to admit or deny the allegations in paragraph 24 and therefore denies all allegations asserted therein.

25. Defendant lacks sufficient information to admit or deny the allegations in paragraph 25 and therefore denies all allegations asserted therein.

26. Defendant admits that, as a courtesy, it informed members of the Teichert family that it would be relocating The Song of Quetzalcoatl and other so-called Cokeville Paintings to other facilities. Defendant further denies any and all remaining allegations contained in paragraph 26.

27. Defendant admits that it has consistently and appropriately demonstrated concern for the preservation and maintenance and integrity of the referenced paintings. Defendant denies any and all remaining allegations contained in paragraph 27.

28. Defendant admits that it has consistently and appropriately demonstrated concern for the preservation and maintenance and integrity of the referenced paintings. Defendant denies any and all remaining allegations contained in paragraph 28.

29. Defendant admits that Tim Teichert has expressed objections to relocation of paintings. Defendant denies the legitimacy of any expressed objections and further denies any and all remaining allegations contained in paragraph 29.

30. Defendant admits that *The Song of Quetzalcoatl* was placed in the Star Valley Temple. Defendant denies any need to have obtained approval from Plaintiffs or from any other Teichert family member regarding placement or other use of the subject painting. Defendant denies any and all remaining allegations contained in paragraph 30.

31. Defendant admits the allegations contained in paragraph 31. Defendant affirmatively asserts that each of the three paintings referenced as being relocated in paragraph 31 was replaced by a high-quality giclée print in the original location of each painting.

32. Defendant admits that Plaintiffs have made requests. However, Defendant denies the legitimacy of any such requests and further denies any impropriety arising out of the conduct of Defendant. Defendant further denies any need to have obtained consent or approval from Plaintiffs or from any other Teichert family member regarding ownership, placement, or other use of the subject paintings. Defendant denies any and all remaining allegations contained in paragraph 32.

**FIRST CLAIM FOR RELIEF – DECLARATORY RELIEF**

33. Defendant incorporates by reference the responses in paragraphs 1-32 as if fully set forth herein.

34. The allegations contained in paragraph 34 state identification of and conclusions of law requiring no response. To the extent any response is required to such allegations, Defendant denies the allegations of paragraph 34.

35. The allegations contained in paragraph 35 state conclusions of law requiring no response. To the extent any response is required, Defendant denies the allegations of paragraph 35.

36. The allegations contained in paragraph 36 state a request from the Court and conclusions of law requiring no response. To the extent any response is required, Defendant denies the allegations of paragraph 36.

37. Defendant admits that Plaintiffs made requests. Defendant denies the legitimacy of any such requests and further denies any impropriety arising out of the conduct of Defendant. Defendant further denies any and all remaining allegations contained in paragraph 37.

38. The allegations contained in paragraph 38 state a request to the Court and conclusions of law requiring no response. To the extent any response is required, Defendant denies the allegations of paragraph 38.

## SECOND CLAIM FOR RELIEF - CONVERSION

39. Defendant incorporates by reference the responses in paragraphs 1-38 as if fully set forth herein.

40. The allegations contained in paragraph 40 attempt to state conclusions of law requiring no response. To the extent any response is required, Defendant denies the allegations of paragraph 40.

41. Defendant admits that Plaintiffs have made demands. Defendant denies the legitimacy of any such demands and further denies any impropriety arising out of the conduct of Defendant. Defendant further denies any and all remaining allegations contained in paragraph 41.

42. Defendant denies the allegations contained in paragraph 42.

43. The allegations contained in paragraph 43 state conclusions of law requiring no response. To the extent any response is required, Defendant denies the allegations of paragraph 43.

44. Defendant denies the allegations contained in paragraph 44.

45. Defendant denies any and all allegations not expressly admitted herein.

## FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiffs are barred from relief by the doctrines of waiver, estoppel, laches, unclean hands, good faith intent, equitable estoppel, accord and satisfaction, and/or other applicable equitable defenses.

## THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part to the extent they would unjustly enrich Plaintiffs.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Teichert gifted, sold, or otherwise transferred to Defendant all right, title, and interest in the paintings identified in the Complaint.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiffs are barred from relief because Defendant is the rightful owner of all rights, titles, and interests in and to the paintings identified in the Complaint.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiffs are barred in whole or in part from the requested relief by applicable statutes of limitation.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs lack standing to bring such claims against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred in whole or in part because the Certificates of Copyright Registration obtained by Plaintiffs are invalid and of no effect.

## NINTH AFFIRMATIVE DEFENSE

Defendant reserves the right to assert all additional affirmative defenses under Fed. R. Civ. P. 8(c), the laws of the United States, and any other legal or equitable defenses that may now exist or in the future be available based on discovery and further factual investigation in this case. There may be additional defenses which are not yet known to Defendant, but which may become known through future discovery or as the case progresses. Defendant reserves the right to assert each such additional affirmative defense as the same becomes known.

WHEREFORE, Defendant prays that this Court enter judgment denying Plaintiffs any and all of their requested relief, dismiss the Amended Complaint in its entirety with prejudice, and award Defendant its costs herein, including attorneys' fees, and such other relief as this Court deems appropriate.

## JURY DEMAND

Defendant hereby requests a trial by jury of all issues in this matter.

DATED this 7th day of January 2022.

                                              THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, FKA CORPORATION OF THE PRESIDING BISHOP OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS, AND FKA CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; DEFENDANTS

By: /s/ Lucas Buckley
    Lucas Buckley (Wyo. Bar #6-3997)
    HATHAWAY & KUNZ, LLP
    P. O. Box 1208
    Cheyenne, WY  82003-1208
    Phone:  307-634-7723
    Fax:  307-634-0985
    lbuckley@hkwyolaw.com

Larry R. Laycock (4743) (Admitted *Pro Hac Vice*)
larry.laycock@dentons.com
Clinton E. Duke (9784) (Admitted *Pro Hac Vice*)
clinton.duke@dentons.com
Adam B. Beckstrom (14127) (Admitted *Pro Hac Vice*)
adam.beckstrom@dentons.com
DENTONS DURHAM JONES PINEGAR, P.C.
111 South Main Street, Suite 2400
Salt Lake City, UT  84111
Telephone: 801-415-3000

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

  This is to certify that on the 7th day of January 2022, a true and correct copy of the foregoing was served upon counsel as follows:

| | |
|---|---|
| Henry F. Bailey, Jr.<br>Lance T. Harmon<br>Bailey Stock Harmon Cottam Lopez LLP<br>6234 Yellowstone Road<br>Cheyenne, WY  82009 | [ ✓ ] CM/ECF<br>[  ] U.S. Mail<br>[  ] E-mail:<br>  hank@performance-law.com<br>  lance@performance-law.com |

               */s/ Candice Hough*
               HATHAWAY & KUNZ, LLP