Henry F. Bailey, Jr.
Lance T. Harmon,
BAILEY STOCK HARMON COTTAM LOPEZ LLP
6234 Yellowstone Road
P.O. Box 1557
Cheyenne, WY 82003
307-638-7745

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF WYOMING

| | |
|---|---|
| TIM TEICHERT on behalf of THE ESTATE OF HERMAN TEICHERT and THE ESTATE OF MINERVA TEICHERT, <br><br> Plaintiffs, <br><br> v. <br><br> THE CHURCH OF JESUS CHRIST OF, LATTER-DAY SAINTS, a Utah corporation sole; <br> Defendant. | Case No. 21-CV-00145-ABJ |

**SUBPOENA DUCES TECUM**

**TO: Marian Wardle**
c/o Gregory Taggart
4530 West Cambridge Drive
Cedar Hills, Utah 84062
gregory@gtaglaw.com

**YOU ARE COMMANDED**, in accordance with Rule 45 of the Federal Rules of Civil Procedure, to produce within fourteen (14) days after the service of this subpoena upon you, the documents, electronically stored information, and/or objects described in the attached **Exhibit A**. Please provide the requested documentation in PDF format where applicable and possible. Copies of these items shall be produced to the offices of BAILEY STOCK HARMON COTTAM LOPEZ, LLP, 6234 Yellowstone Road, Cheyenne, Wyoming, 82009, via email delivery to hank@performance-law.com

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

DATED this 28th day of July, 2023.

**BAILEY STOCK HARMON COTTAM LOPEZ LLP**

*/s/ Henry F. Bailey, Jr*
Henry F. Bailey, Jr., Wyo Bar. No 5-1681
Lance T. Harmon – Wyo Bar. No. 6-3076
6234 Yellowstone Road
P.O. Box 1557
Cheyenne, Wyoming 82003
307-638-7745
hank@performance-law.com
lance@performance-law.com
*Attorney for Plaintiffs*

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)*_____
on *(date)*_____ .

I served the subpoena by delivering a copy to the named person as follows:_____
_____
_____
on *(date)*_____ ; or

I returned the subpoena unexecuted because:
_____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of $_____ .

My fees are $_____ for travel and $_____ for services, for a total of $_____ .

I declare under penalty of perjury that this information is true.

Date:_____
_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

**Federal Rule of Civil Procedure 45(c), (d), (e) and (g) (Effective 12/1/2013)**

(c) PLACE OF COMPLIANCE.

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:

(A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or

(B) within the state where the person resides, is employed, or regularly transacts business in person, if the person

(i) is a party or a party's officer; or

(ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:

(A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and

(B) inspection of premises at the premises to be inspected.

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises— or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
   (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.
(e) DUTIES IN RESPONDING TO A SUBPOENA.
 (1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
   (i) expressly make the claim; and

    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

    (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(g) CONTEMPT. The court for the district where compliance is required— and also, after a motion is transferred, the issuing court— may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials see Fed. R. Civl P. 45(a) Committee Note (2013).

# EXHIBIT A

## DEFINITIONS

The following definitions are to be used in interpreting the Requests whether those terms appearing in the Requests are capitalized or not:

1. "You" or "Your" shall mean and refer to Marian Wardle and shall include her agents, and representatives.

2. "Plaintiffs" shall mean and refer to Tim Teichert on behalf of the Estate of Herman Teichert and the Estate of Minerva Teichert.

3. The "Teichert Paintings" shall mean and refer to the following original Minerva Teichert Paintings:

> *Handcart Pioneers* (all versions)
> *Relief Society Quilting*
> *Cast Your Nets on the Other Side*
> *Song of Quetzalcoatl*

4. "Communication(s)" shall mean any transfer or receipt of information whether orally or in writing and any evidence of such contact, including without limitation, any conversation or discussion by means of letter, email, telephone, text or instant message, notes or logs of telephone conversations, daily calendars, diaries, note, memorandum, telegraph, telex, telecopy, cable, or any other medium, including electronic audio or video device.

5. The term "Document" or "Document(s)" has the same broad meaning as in Rule 34 of the Federal Rules of Civil Procedure and shall also mean those matters defined in Federal Rule of Evidence 1001, including, without limitation, any kind of tangible material, whether written, recorded, microfilmed, microfiched, photographed, computerized, reduced to an electronic or magnetic impulse, or otherwise preserved or rendered, and including, but not limited to, Electronically Stored Information; agreements; advertisements; books; ledgers; communications;

correspondence; photographs; invoices; charts; telegrams; memoranda; notes, summaries, or records of telephone conversations; notes, summaries, or records of personal conversations or interviews; tape recordings; diaries; reports; notebooks; file cards; logs; minutes, notes, summaries, or records of meetings or conferences; notes, summaries, or records of investigations and negotiations; analyses, opinions, or reports of consultants; brochures; pamphlets; circulars; press releases; letters; minutes; computer printouts; microfilm; tapes; disks; computer hard drives; servers; word processing documents; spreadsheets; presentation documents; graphics; animations; images; electronic mail (including attachments that shall be kept with the accompanying email); instant messages; text messages; voicemail; audio recordings; video recordings; audiovisual recordings; databases and database subsets; other user or machine created digital information stored on computer networks, servers, computer systems, desktop computers, laptop computers, home computers, the Internet, an intranet, archives, discs, CDs, diskettes, drives, tapes, cartridges, flash drives, and other external storage media, personal digital assistants, handheld wireless devices, cellular telephones, any Blackberry or other mobile devices, pagers, and voicemail systems; any other electronic data compilations from which information can be obtained; and/or any and all written, printed, recorded, transcribed, punched, taped, typed, filmed, duplicated, reproduced, or other tangible matter in Your possession, custody, or control, including, but not limited to, originals, electronic documents in their native format, all file copies, all other copies (no matter how or by whom prepared) that differ in any respect from an original, and all drafts in connection with such writings.

      6. The term "ESI" or "Electronically Stored Information" should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially

relevant information electronically, magnetically or optically stored as digital communications (e.g., e-mail, voice mail, instant messaging); Word processed documents (e.g., Word or WordPerfect documents and drafts); Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets); Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files); Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images); Sound Recordings (e.g., .WAV and .MP3 files); Video and Animation (e.g., .AVI and .MOV files); Databases (e.g., Access, Oracle, SQL Server data, SAP); Contact and Relationship Management Data (e.g., Outlook, ACT!); Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools); Online Access Data (e.g., Temporary Internet Files, History, Cookies); Presentations (e.g., PowerPoint, Corel Presentations); Network Access and Server Activity Logs; Project Management Application Data; Computer Aided Design/Drawing Files; and, Back Up and Archival Files (e.g., Zip, .GHO).

7. The words "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the Requests inclusive rather than exclusive. The word "including" shall be construed to mean without limitation.

8. The term "relate to," "refer to," or "evidence" means constituting, comprising, containing, consisting of, evidencing, setting forth, proposing, showing, disclosing, describing, discussing, explaining, summarizing, concerning, reflecting, authorizing, referring to, or being pertinent to that subject matter, either directly or indirectly.

**REQUESTED DOCUMENTS**

1. All documents and ESI that reflect, refer, or relate to any of the Teichert Paintings.

2. All documents and ESI that reflect, refer, or relate to the use of any of the Teichert Paintings by any heirs of the Estate of Herman Teichert, any heirs of the Estate of Minerva Teichert, and/or any other third parties.

3. All documents and ESI that reflect, refer, or relate to the ownership of any of the Teichert Paintings, including but not limited to licenses, assignments, and/or any other transfer of rights.

4. All documents and ESI that reflect, refer, or relate to the any valuations that have been prepared regarding the value of any of the Teichert Paintings and/or the copyrights to any of the Teichert Paintings.

5. All written communications, including ESI, between Marian Wardle and representatives of the Church of Jesus Christ of Latter-Day Saints, including the Church's attorneys, regarding the Teichert Paintings or any one of them.